CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 02, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|   |   |
|---|---|
| **ANTWOINE McKINLEY JONES,** | )<br>) |
| Plaintiff, | )  Case No. 7:23CV00405<br>) |
| v. | )  **OPINION**<br>) |
| **UNIT MANAGER COLLINS, ET AL.,** | )  JUDGE JAMES P. JONES<br>) |
| Defendants. | ) |

*Antwoine McKinley Jones, Pro Se Plaintiff.*

The plaintiff, Antwoine McKinley Jones, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, asserting multiple, misjoined claims against numerous prison officials, Case No. 7:23CV00016. After Jones amended the Complaint, the court severed his case into multiple lawsuits. This case consists of Claim 2 from that prior case. It alleges that in October 2021, officers kept a copy of Jones' outgoing legal mail and that mailing never reached the intended recipient. Jones has filed a Motion for Leave to file an Amended Complaint, which I will grant. After review of Jones' allegations as amended, I conclude that the case must be summarily dismissed for failure to state a claim.

I.

In Claim 2, Jones alleges the following sequence of events.[1] On October 21, 2021, Jones asked E. Garrett, a counselor at Keen Mountain Correctional Center (KMCC), to make a copy of a "legal letter that was addressed to Stephen Christopher Swift, Registered Patent Attorney" at Swift's law practice in Alexandria, Virginia. Am. Compl. 3, ECF No. 12.  The letter described how Jones' invention, the "*AC/DC Radial Wheel Generation and Recharging System With Wind Assist*, operates and its functionality." *Id.*  According to Jones, Swift has given his legal opinion that "a patent (Utility Patent) would be granted," based on the information Jones has provided to him. *Id.*  Garrett made a copy of Jones' letter to Swift that went into a file that Unit Manager Collins had ordered Garrett to make.  Jones alleges that Collins then "accessed [the file] at his leisure, to ensure that he was made aware of all [Jones'] outgoing correspondence," in violation of Virginia Department of Corrections (VDOC) policy.  *Id.*

On October 27, 2021, Jones placed the letter to Swift in an envelope addressed to Emmaline Fitzgerald, who allegedly has power of attorney to deal with Swift on

---

[1] Jones recently filed a Motion to Amend, with a proposed Amended Complaint, ECF No. 12, seeking to incorporate by reference previously submitted exhibits, docketed at ECF No. 9.  After review of the record, I will grant the motion and consider the attached version of the claims and attachments in ECF Nos. 12 and 9 as the operative pleading in this case.  I have also reviewed the exhibits submitted and docketed at ECF No. 9.

Jones' behalf. Fitzgerald never received the letter. Jones states, "It was blamed on the USPS — United States Postal Service." *Id.* Jones asserts, "That letter contained valuable trade secrets that has [sic] independent economic value as established by potential investors" and others. *Id*.

Jones seeks monetary damages from Collins, Garrett, and KMCC mailroom worker H. Viars. He asserts that the defendants violated his rights under "the Virginia Uniform Trade Secret Act and Defend Trade Secret Act" and his right under the First Amendment to protection of attorney-client confidentiality. *Id.* at 4.

II.

Under 28 U.S.C. § 1915A(a) and (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights or other rights under federal law. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Under the Federal Rules of Civil Procedure, a viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

face."[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must also offer more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" that are couched as facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown," a claim on which relief could be granted to the plaintiff. *Id.* at 679.

Federal courts have an obligation to construe pro se pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). "Principles requiring generous construction of *pro se* complaints are not . . . without limits," and a reviewing court "cannot be expected to construct full blown claims from sentence fragments."

---

[2] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) ("A pro se plaintiff still must allege facts that state a cause of action.").

As an initial matter, I must dismiss this case as to defendant Viars. In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Defendant Viars is mentioned in the Amended Complaint and in the descriptions of the relief Jones is seeking. The pleading does not describe any action that Viars took or failed to take regarding Jones' legal mail in October 2021. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing" on the document, claims against that defendant are properly dismissed, "even under the liberal construction to be given pro se complaints."[3] *Alston v. Robinson*, No. 7:22CV00234, 2022 WL 4237495, at *1 (W.D. Va. Sept. 14, 2022).

Jones asserts his § 1983 claims against Collins and Garrett under the First Amendment, claiming that it protects his right to attorney-client confidentiality.

---

[3] In earlier versions of Claim 2, Jones has appeared to claim that unspecified persons at KMCC tampered with his mailing to Ms. Fitzgerald in some unspecified manner that caused its failure to reach her. In the Amended Complaint, however, he omits any such assertion. Even if Jones could show that Viars, as a mailroom worker, had some contact with this one, outgoing legal mailing, that isolated incident alone does not rise to constitutional proportions. *Pink v. Lester*, 52 F.3d 73, 75–77 (4th Cir. 1995).

"The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from 'abridging the freedom of speech.'" *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) (quoting U.S. Const. amend. I). This prohibition applies to government actions that have indirect, chilling effects on free speech. *Id.* Opening or reading an inmate's legal mail outside his presence "can chill protected speech." *Id.* On the other hand, an isolated incident of officers opening or reading an inmate's legal mail outside his presence does not support a constitutional claim. *Cuozzo v. Warring*, No. 7:21-CV-00501, 2022 WL 3579905, at *7 (W.D. Va. Aug. 19, 2022) (holding that "a few isolated instances of plaintiff's mail being opened outside of his presence," in violation of a jail policy, "were not of constitutional magnitude") (citing *Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983)).

At the most, Jones alleges that Garrett, at Collins' behest, saved a digital copy of a document that Jones asked Garrett to photocopy for him and that Collins later accessed and read that document. These conclusory allegations are simply insufficient to support a constitutional claim here. Jones does not allege facts based on his personal knowledge that Garrett saved a copy of his mailing or that any defendant read the contents of that mailing. He merely speculates that Garrett downloaded a copy and that Collins, as a supervisory officer, later read the digital copy. Given the lack of factual matter to support his speculations, I need not accept

Jones' conclusory assertions as true in evaluating the plausibility of his claims. *Iqbal*, 556 U.S. at 678.

Moreover, Jones does not allege any adverse consequence resulting from the allegedly retained copy of his document or anyone's alleged reading of it. Certainly, he does not show that these purported actions by the defendants prevented Jones from further communicating with Ms. Fitzgerald or with his attorney or hindered his ability to pursue any legal matters related to his invention.

Therefore, I find no factual basis in Jones' allegations for a claim that the defendants took actions related to the mailing at issue in Claim 2 that chilled his free speech. Therefore, I will summarily dismiss Jones' First Amendment claims.

Finally, Jones contends that the defendants, by allegedly keeping or reading a copy of his mailing, somehow violated federal and state laws concerning trade secrets. While I must liberally construe a pro se litigant's pleadings, I cannot construct complex statutory claims for him based on conclusory statements alone. *Beaudett,* 775 F.2d at 1278 (finding that reviewing court "cannot be expected to construct full blown claims from sentence fragments"). Moreover, the assertions of statutory violations rest on Jones' conclusory assertion that the defendants read the contents of the mailing after keeping a copy of it. Again, Jones has presented no factual support for this speculative contention. Therefore, I need not consider it as

true for purposes of determining that he has not stated a plausible claim under the referenced statutes. *Iqbal*, 556 U.S. at 678.

For the reasons stated, I will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: May 2, 2024

/s/ JAMES P. JONES
Senior United States District Judge